**Whitney PATIN**

v.

**SIOUX CITY AND NEW ORLEANS BARGE LINES, INC.**

Civ. A. No. 11153.

United States District Court
W. D. Louisiana,
Lafayette Division.

May 5, 1966.

Domengeaux & Wright, Bob F. Wright, Lafayette, La., for plaintiff.

Lemle & Kelleher, George B. Matthews, New Orleans, La., and Bracewell, Reynolds & Patterson, Houston, Tex., for defendant.

PUTNAM, District Judge.

In this Jones Act suit defendant corporation has moved to dismiss the suit against it for lack of proper venue. The basis for its motion is that it is not doing business in this district and, hence, it would not be proper to require it to litigate in this district, 28 U.S.C.A. § 1391(c).

Both parties rely upon the *Suarez* [1] decision, complainant contending that it requires only the transacting of "any business" in a district to satisfy the venue requirement of the Jones Act, defendant asserting that it requires the trans-

1. Pure Oil Co. v. Suarez, 346 F.2d 890 (5 Cir. 1965). The Court held, at page 897: "As we read the Jones Act, it now provides that venue with respect to a corporate employer defendant is proper in any district in which it is 'incorporated or licensed to do business or is doing business.'" Accord, Fanning v. United Fruit Co., 355 F.2d 147 (4 Cir. 1966).

acting of "substantial business". Although *Suarez* does control in a venue question such as is presented here, we do not think that it stands for either interpretation proposed by the parties.

■ We adopt the view that the test of doing business is the same for venue purposes as it is for determining whether a corporation is amenable to service of process.[2] The requirements necessary to subject a defendant to a judgment in personam have been set out in the leading case of International Shoe Co. v. State of Washington, 1945, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95. The Court held that due process was satisfied if the defendant has certain minimum contacts with the forum state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. The Court emphasized that the determination of "minimum contacts" is not simply quantitative, but, rather depends on the quality and nature of the activity of the foreign corporation in the forum state, and that an "estimate of the inconveniences" which would result to the corporation from a trial away from its "home" or principal place of business is also relevant.

> " '*Presence*' *in the state in this sense has never been doubted when the activities of the corporation there have not only been continuous and systematic, but also give rise to the liabilities sued on,* even though no consent to be sued or authorization to an agent to accept service of process has been given." Id., 326 U.S. at page 317, 66 S.Ct. at page 159. (Emphasis supplied.)

■■ In determining whether a corporation is present and doing business, we are told that there is no exact formula under which the question can be decided.[3]

"To reach the proper answer, consideration must be given to such relevant factors as the general character of the corporation, the nature and scope of its business operations, the extent of the authorized corporate activities conducted on its behalf within the forum district, the continuity of those activities, and its contacts within the district." Id., 349 F.2d at page 459.

■ In applying these criteria to the case at bar, we do not think that the record here shows that defendant meets the test for doing business in this district. The defendant is an Iowa corporation with its principal place of business in Houston, Texas. It is engaged in the business of interstate movement of cargo by barges and towboats along the Mississippi River and inland waters tributary thereto. Its activities in the Western District of Louisiana have been only casual and isolated, as opposed to "continuous and systematic". Moreover, its activities in the Western District have not given rise to the liabilities sued on since this accident happened on the Mississippi River near New Orleans, in the Eastern District of Louisiana. Aside from several isolated instances of purchasing food and supplies totalling slightly over $1,000.00 at Morgan City, Louisiana, the last of which was December 28, 1962, and contracting for towing service twice in 1960 and once in 1965, the most that can be said of defendant's activities in the Western District is that its boats and barges "have passed through the Intracoastal Waterway between New Orleans and the western boundary of the State of Louisiana while on voyages originating and terminating at points outside the State of Louisiana."[4]

For the foregoing reasons, we find that venue is not proper in this District under the provisions of the Jones Act, 46 U.S.

---

2. Houston Fearless Corp. v. Teter, 10 Cir. 1963, 318 F.2d 822, 825, and authorities cited.

3. Frazier, III v. Alabama Motor Club, Inc., 349 F.2d 456 (5 Cir. 1965).

4. See defendant's answer to plaintiff's Interrogatory No. 1, filed August 4, 1965.

C.A. § 688, or under the provisions of the general venue statute, 28 U.S.C.A. § 1391(c), as they have been applied to the Jones Act by the *Suarez* case, since defendant was not doing business here within the intendment of that Act.

However, since it appears that defendant was doing business in the Eastern District of Louisiana[5] and this suit could have been brought there, in the interest of justice, we will order this action transferred to the Eastern District of Louisiana under 28 U.S.C.A. § 1404(a).

Counsel for defendant will submit an appropriate decree.

---

5. Jenkins v. Lykes Bros. S.S. Co., 48 F. Supp. 848 (D.C.E.D.Pa.1943); Murphy v. Arrow Steamship Co., 124 F.Supp. 199 (D.C.E.D.Pa.1954); Holland v. Parry Nav. Co., 7 F.R.D. 471 (D.C.E.D.Pa. 1947).