RHEEM MANUFACTURING COMPANY, a California corporation, and Giant Foods, Inc., a Delaware corporation, Plaintiffs,

v.

JOHNSON HEATER CORPORATION, a Massachusetts corporation, Defendant.

3–73–Civ–313.

United States District Court, D. Minnesota, Third Division.

Jan. 24, 1974.

George F. McGunnigle, Jr., Leonard, Street & Deinard, Minneapolis, Minn., and George B. Newitt and Jon O. Nelson, Molinaire, Allegretti, Newitt & Witcoff, Chicago, Ill., for plaintiffs.

Cecil S. Schmidt, Merchant, Gould, Smith & Edell, Saint Paul, Minn., and Cesari & McKenna, Boston, Mass., for defendant.

## MEMORANDUM & ORDER

DEVITT, Chief Judge.

In this declaratory judgment and unfair competition action, defendant moves to dismiss under Federal Rule of Civil Procedure 12 on the grounds that this Court lacks personal jurisdiction over defendant and that venue is improperly laid in this judicial district. Plaintiff seeks (1) a declaratory judgment under

28 U.S.C. § 2201 of patent invalidity and non-infringement with regard to the manufacturing of certain space heating equipment for commercial and industrial use and (2) a judgment for damages which have resulted from the alleged unfair competition on the part of defendant. Subject matter jurisdiction for the declaratory judgment count exists under 28 U.S.C. § 1338(a). Subject matter jurisdiction for the unfair competition count exists under 28 U.S.C. § 1338 (b). For the reasons expressed below, the Court is of the opinion that defendant's motion to dismiss should be granted.

Plaintiffs allege that this Court may assume personal jurisdiction over the nonresident-defendant under the Minnesota long-arm statute, Minn.Stat.Ann. § 543.19 (Supp.1973), which provides in pertinent part:

(1) As to a cause of action arising from any acts enumerated in this subdivision, a court of this state with jurisdiction of the subject matter may exercise personal jurisdiction over any foreign corporation or any nonresident individual, or his personal representative, in the same manner as if it were a domestic corporation or he were a resident of this state. This section applies if, in person or through an agent, the foreign corporation or nonresident individual:

(a) Owns, uses, or possesses any real or personal property situated in this state, or

(b) Transacts any business within the state . . .

. . . . . .

■ First, plaintiffs argue that a letter sent by defendant to plaintiff-Rheem in Minnesota constitutes the use or possession of personal property in Minnesota within the meaning of § 543.19(1) (a). Although a letter sent to a corporation in Minnesota which contains an allegation of patent infringement and a threat of enforcement may constitute the use or possession of personal property under the long-arm statute, Imperial Products, Inc. v. Zuro, 176 U.S.P.Q. 172,

175 (D.Minn.1971), the letter sent by defendant did not contain either an allegation of infringement or a threat of enforcement. It was merely a letter to inform plaintiff-Rheem of the patent in an effort to prevent possible "innocent infringement." The Court finds that defendant does not own, use, or possess property in Minnesota which is the subject of this claim, and, therefore, in personam jurisdiction does not exist under § 543.19(1) (a).

■ Second, plaintiffs argue that the letter sent by defendant to plaintiff-Rheem constitutes the transaction of business in Minnesota within the meaning of § 543.19(1) (b). Although the Eighth Circuit has recently held that a letter sent to a corporation in Minnesota which contains an allegation of patent infringement and threat of enforcement constitutes the transaction of business under the long-arm statute, B & J Manufacturing Co. v. Solar Industries, Inc., 483 F.2d 594, 598 (8th Cir. 1973), as noted above, defendant's letter contained neither an allegation of infringement nor a threat of enforcement. Therefore, the Court finds that defendant did not transact business in Minnesota which is the subject of this claim; accordingly, in personam jurisdiction does not exist under § 543.19(1) (b).

■ Moreover, the Court is persuaded that the assumption of personal jurisdiction over defendant in this action would not comport with the due process clause of the fourteenth amendment. Defendant's only contacts with Minnesota consist of an isolated sale of four heaters to a corporation in Minnesota a year and a half ago, three unsuccessful bids for sales, and limited advertising in two trade publications. The aggregate of these contacts is not sufficient to justify the maintenance of this action in this Court consistent with "traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). See also Aftanase v. Economy Baler Co., 343 F.2d 187, 197 (8th Cir. 1965).

Similarly, the Court finds that venue is improperly laid in this district because defendant is not incorporated, licensed to do business, or doing business in Minnesota within the meaning of the federal venue statute, 28 U.S.C. § 1391 (c). A nonresident-corporation must have more contacts with a judicial district in order for venue to be properly laid under § 1391(c) than the quantity of contacts necessary to sustain in personam jurisdiction. *See, e. g.,* Rensing v. Turner Aviation Corp., 166 F.Supp. 790 (N.D.Ill.1958); Remington Rand, Inc. v. Knapp-Monarch Co., 139 F.Supp. 613 (E.D.Pa.1956). Therefore, since the Court has found that it lacks personal jurisdiction over defendant, venue is also improperly laid in this district under § 1391(c).

For the foregoing reasons, it is ordered that defendant's motion to dismiss on the grounds that this Court lacks personal jurisdiction and that venue is improperly laid in this judicial district is granted.