**TRANSLOAD AND TRANSPORT, INC.**

v.

**TENNESSEE VALLEY TOWING, INC.**

**Civ. A. No. 85–240–B.**

United States District Court,
M.D. Louisiana.

May 13, 1985.

Kai David Midboe, Baton Rouge, La., for plaintiff.

Schwab & Walter, John Schwab, Baton Rouge, La., for defendant.

POLOZOLA, District Judge.

This matter is before the court on the motion of the defendant, Tennessee Valley Towing, Inc. ("TVT") to dismiss and transfer. No oral argument is required on this motion.

Transload and Transport, Inc. ("Transload") filed this suit against TVT seeking the balance allegedly due on a charter agreement between TVT and Twin City

Barge & Towing Co., a subsidiary of the plaintiff corporation. Jurisdiction is based on diversity pursuant to 28 U.S.C. §\1332.

Transload is a Delaware corporation which has its principal place of business in Louisiana. TVT is a Tennessee corporation with its principal place of business in the Western District of Kentucky. The applicable venue statute is 28 U.S.C. § 1391(c), which provides:

> A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes.

The defendant is neither incorporated nor licensed to do business in Louisiana. However, the final voyage made by TVT's towboat under the charter agreement was down the Mississippi River to New Orleans, then up to Baton Rouge with some of Transload's barges in tow. Transload contends that this activity in the Baton Rouge area constitutes doing business in the Middle District of Louisiana within the meaning of § 1391(c) because it meets the "transacting of business" test set forth in Louisiana R.S. 13:3201(1), the Louisiana Long Arm Statute. TVT contends, however, that the voyage to Baton Rouge was an isolated incident and is insufficient to constitute doing business. The Court agrees with defendant's contention.

 Whether a corporation is "doing business" within the forum district for purposes of the federal venue statute is a question which must be decided under federal law. *Frazier v. Alabama Motor Club*, 349 F.2d 456, 458 (5th Cir.1965); *Houston Fearless Corp. v. Teter*, 318 F.2d 822, 825 (10th Cir.1963); *Newton v. Inter-American, Inc.*, 48 F.R.D. 280, 282 (W.D. La.1969). The generally accepted rule is that a corporation is "doing business" so as to satisfy the federal venue statute if it is amenable to service of process in the dis-

trict.[1] Transload contends that venue is proper if one of the tests of the state long arm statute is met. However, this argument was rejected by the court in *Newton*, 48 F.R.D. at 282. The proper interpretation of this rule is that venue is proper if the corporation is doing enough business in the forum district to satisfy the constitutional tests of *International Shoe v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), on when it should be subjected to service of process in that district. *Frazier*, 349 F.2d at 459; *Patin v. Sioux City & New Orleans Barge Lines*, 253 F.Supp. 984, 986 (W.D.La.1966); C. Wright, A. Miller & E. Cooper, 15 *Federal Practice & Procedure* § 3811, at 64–65 (1976 & Supp. 1984). In *International Shoe*, the Supreme Court held that due process was satisfied if the defendant had sufficient minimum contacts with the forum such that maintenance of the suit does not offend "traditional notions of fair play and substantial justice." The Fifth Circuit set forth certain factors in *Frazier* which the Court must consider to determine whether or not such minimum contacts exist so as to make venue proper.

> [C]onsideration must be given to such relevant factors as the general character of the corporation, the nature and scope of its business operations, the extent of the authorized corporate activities conducted on its behalf within the forum district, the continuity of those activities, and its contacts within the district.

349 F.2d at 459.

 In this case, TVT contracted with Twin City Barge & Towing, plaintiff's subsidiary, to lease a towboat. The contract was executed by TVT in Kentucky and by Twin City in St. Paul, Minnesota. It provided that the chartered vessel was to be used "on the Upper and Lower Mississippi, Ohio, and Tennessee Rivers, but not the

---

1. This is the rule which was followed by the Fifth Circuit in *Frazier v. Alabama Motor Club*, 349 F.2d 456, 459 (5th Cir.1965). Some courts, however, require an even higher activity level.

*See* C. Wright, A. Miller & E. Cooper, 15 *Federal Practice & Procedure* § 3811, at 65 (1976 & Supp.1984).

Missouri River or the Intercoastal Canal."[2] Upon the expiration of the charter, the vessel was to be delivered to St. Louis, Missouri, "unless by mutual agreement another location is designated."[3]

The vessel was used only on the upper Mississippi River between Cairo, Illinois, and St. Louis, Missouri, or on the Tennessee River until shortly before the expiration of the charter. Upon plaintiff's request, however, TVT made a final voyage with the towboat to New Orleans, where it picked up a few of the plaintiff's barges and towed them to Baton Rouge, Louisiana, Transload's principal place of business. The chartered vessel was then delivered to Transload in Baton Rouge one day before the expiration of the charter.

The Court has carefully reviewed the contacts TVT had with the Middle District of Louisiana and finds them to be transitory in nature. TVT's activities in this forum were only casual and isolated, not "continuous and systematic" as required to satisfy the *International Shoe* test.[4] The totality of contacts between TVT and the forum are insufficient to constitute "doing business" within the meaning of 28 U.S.C. § 1391(c). Thus, venue in the Middle District of Louisiana is improper under the facts of this case.

TVT seeks to have this suit dismissed or, in the alternative, to have it transferred to the Western District of Kentucky. The Court finds that the Western District of Kentucky is a forum where this matter could have been brought. The Court further finds that pursuant to 28 U.S.C. § 1404(a), it is in the interest of justice to transfer this action to that district.

Therefore:

IT IS ORDERED that Tennessee Valley Towing, Inc.'s motion to dismiss and transfer be, and it is hereby GRANTED to the extent that this case shall be transferred to the United States District Court for the Western District of Kentucky.

**2.** Fully Found Charter Agreement, § II.

**3.** *Id.,* § IV.

IT IS FURTHER ORDERED that the Clerk of Court shall transfer this case to the United States District Court for the Western District of Kentucky.

**4.** For a similar factual situation, *see Patin v. Sioux City & New Orleans Barge Lines,* 253 F.Supp. 984 (W.D.La.1966).