VIVADENT (USA), INC., Plaintiff,

v.

DARBY DENTAL SUPPLY CO., INC., Dental Wholesalers, Inc. and Spencer Meade Dental, Inc., Defendants.

Civ. A. No. 86–1297.

United States District Court, D. New Jersey.

March 19, 1987.

Nicholas R. Perrella, Greenstone & Sokol, Trenton, N.J., for plaintiff.

Shelley Siegel, West Orange, N.J., Robert Marrow, Salon, Marrow & Dyckman, New York City, for defendants.

CLARKSON S. FISHER, Chief Judge.

Defendants move, pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure and Title 28 U.S.C. Section 1404(a), to dismiss plaintiff's complaint on the grounds that venue has been improperly placed, and alternatively, to transfer this action to the United States District Court for the Eastern District of New York. By stipulation of the moving party, this matter is decided on the basis of the papers submitted, in accordance with Rule 78 of the Federal Rules of Civil Procedure. For the reasons herein stated, defendants' motions are granted and this action is ordered transferred to the Eastern District of New York.

Plaintiff, Vivadent (USA), Inc., a New York corporation with its principal place of business in Amherst, New York, alleges that it is the exclusive United States distributor for the Ivoclar/Vivadent Group (Complaint, Paragraph 4). It sues defendants, Darby Dental Supply Company, Inc., Dental Wholesalers, Inc., and Spencer Meade Dental, Inc., all New York corporations, for violations of the Lanham Act (15 U.S.C. Sections 1051 *et seq.*), for unfair competition and trademark infringement, and for violations of the New Jersey trademark · statutes (N.J.S.A. 56:3–1 *et seq.*) (Complaint, Paragraph 1). Plaintiff seeks to enjoin and demands damages resulting from all defendants' sales nationwide. Plaintiff alleges that venue exists "by virtue of 28 U.S.C. § 1391. The defendants reside, are found, have an agent, transact business or are doing business within the District of New Jersey" (Complaint, Paragraph 2).

■■■ For purposes of this motion to dismiss or transfer for improper venue, this court notes that defendants carry the burden of persuading the court that venue is improperly placed. *Gulf Oil v. Gilbert*, 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947). This court also notes, however, that the deference given to plaintiff's choice of forum is reduced where the suit is brought outside plaintiff's home forum. *Hardaway Constructors, Inc. v. Conesco Industries, Ltd.*, 583 F.Supp. 617, 620 (D.N.J.1983).

Venue is controlled by 28 U.S.C. Section 1391(b), the statute controlling venue of matters not founded solely on diversity of citizenship. This section provides that such actions may be brought only in the judicial district where all defendants reside or in which the claim arose, except as otherwise provided by law.[1] Title 28 U.S.C. Section 1391(c) limits the "residence" of a corporation for venue purposes as follows:

A corporation may be sued in any judicial district in which it is incorporated or

---

1. No other provision of law applies; no specific venue statute governs trademark infringement claims. *Mida Mfrg. Co. v. Femic, Inc.*, 539 F.Supp. 159, 162 (E.D.Pa.1982).

licensed to do business or is doing business, and such judicial district shall be regarded as the residence of the corporation for venue purposes.

Here, it is undisputed that defendants are neither licensed to do business in New Jersey, nor incorporated in New Jersey. Instead, plaintiff alleges that defendants are "doing business," within the meaning of Section 1391(c), in the forum state of New Jersey and that venue properly is based in this district. In support of their motion to dismiss or transfer for improper venue, defendants state that venue is improperly placed in a forum where the companies have no contact whatsoever with the state of New Jersey.[2] Each of the defendants is a dental supply mail-order company which distributes catalogs by mail and telemarkets its product line to dentists in every state in the country. Defendants allege that all catalogs are mailed and all calls are made from New York, the only state in which defendants are licensed to do business. Defendants further aver that sales of Vivadent products to dentists in New Jersey comprise less than 3% of defendants' total national sales, and these sales are effectuated by mailing the products from New York to New Jersey, which is insufficient commercial activity for "doing business" within the meaning of the venue statutes.

No uniform definition of "doing business" has been adopted in this circuit or by other circuit courts. Most courts recognize that the term "doing business" within the meaning of 28 U.S.C. 1391(c) is not coextensive with the minimum contacts definition of "doing business" in connection with service of process and due process (*see, e.g., Trinity Metals v. Andy Intern., Inc.*, 424 F.Supp. 966, 969 (E.D.Pa.1977)), although there is no general agreement on whether the standard is more stringent for venue purposes than for due process purposes. *Bredberg v. Long*, 778 F.2d 1285, 1289 (8th

Cir.1985). *Compare, e.g., Houston Fearless Corp. v. Teter*, 318 F.2d 822, 825 (10th Cir.1963) *with Wright v. Columbia University*, 520 F.Supp. 789, 795 (E.D.Pa.1981) and *Rheem Mfg. Co. v. Johnson Heater Corp.*, 370 F.Supp. 806, 809 (D.Minn.1974). Because venue essentially is a matter of choosing a convenient forum and ensuring that defendants are not unfairly subjected to a foreign forum, *Leroy v. Great Western United Corp.*, 443 U.S. 173, 183–184, 99 S.Ct. 2710, 2716, 61 L.Ed.2d 464 (1979), this court finds that the better approach is that adopted by the First Circuit in *Johnson Creative Arts v. Wool Masters*, 743 F.2d 947 (1st Cir.1984). That court stated:

> The minimum contacts test for personal jurisdiction is based on the minimum amount of "fairness" required in order to comport with due process. Venue limitations generally are added by Congress to insure a defendant a fair location for trial and to protect him from inconvenient litigation.
>
> \* \* \* \* \* \*
>
> [Accordingly,] we cannot accept the proposition that venue is proper in any district in which a corporate defendant constitutionally could be subjected to service.

743 F.2d at 950–951 (emphasis in original).

After concluding that the test for "doing business" under 1391(c) should not be the same as the test for "doing business" for due process and minimum contacts purposes, the court tackled "the more difficult job of formulating a workable test to determine what business activity is necessary" for "doing business" for venue purposes. *Id.* at 952. In its analysis, the First Circuit noted *Remington Rand, Inc. v. Knapp-Monarch Co.*, 139 F.Supp. 613 (E.D.Pa. 1956).

In *Remington Rand*, the District Court for the Eastern District of Pennsylvania

---

**2.** Specifically, defendants allege that they "have *never had an* agent; officer; employee; bank account; office; property; vehicle; sales representative; independent contractor; live sales demonstration; post office box; mail drop; telephone; telephone listing; warehouse; or license to do business in New Jersey. Moreover, defendants have never participated in a trade show, symposium or live sales demonstration in New Jersey." Defendants' brief, page 3; emphasis in original.

discussed "doing business" for venue purposes, and set forth a definition which has been neither adopted nor rejected by the Third Circuit Court of Appeals. The court states that "[i]n determining how much activity within a district a foreign corporation must engage before 'doing business' for purposes of federal venue, the basic consideration is whether a license would be required of the foreign corporation as a condition precedent to carrying on that activity." *Id.* at 968. Emphasizing that this standard does not hinge on the forum state's licensing requirements, the court stated that "[i]n view of the principle stated earlier, ... a corporation will be held to be 'doing business' for purposes of section 1391(c) if its activities within the district are such that its business has become localized and is in operation within the district so that some state *would probably* require the foreign corporation to be licensed as a condition precedent to doing that business." *Id.,* emphasis added.

Recognizing the practical difficulty of applying the *Remington Rand* test, the First Circuit modified that test as follows:

> The purpose of the Act will be fulfilled and uniformity will be achieved if "doing business" in a district for purposes of § 1391(c) is read to mean engaging in transactions there to such an extent and of such a nature that the state in which the district is located *could* require the corporation to qualify to "do business" there.

*Johnson Creative Arts,* 743 F.2d at 954.

In *D.B. Orban, Inc. v. Orbex International, Inc.,* 580 F.Supp. 928 (D.N.J.1983), a trademark infringement suit (including allegations of Lanham Act violations, tortious interference with business relation-

ships and unfair competition), defendant was incorporated and licensed to do business only in Connecticut. Addressing the contention that defendant was "doing business" in New Jersey, this district court stated:

> The only evidential suggestion that Orbex is "doing business" in New Jersey is that one of its suppliers is located here.... The instrument by which [defendant] agrees to be "the export sales agency" for all business developed by it ... appears to make it a manufacturer's representative or a selling agent.... Such a function can be easily executed without ever having anyone enter New Jersey or making use of or benefitting from its laws. Customer orders to be filled by the New Jersey supplier can be forwarded by interstate mail, telephone, telegraph, telex, teletype, computer terminal, satellite or carrier pigeon. *See, e.g., Rosenberg Bros. & Co. v. Curtis Brown Co.,* 260 U.S. 516 [43 S.Ct. 170, 67 L.Ed. 372] (1922). Thus, the bare fact that one supplier is in New Jersey, whose goods go out to overseas customers, falls far short of showing that Orbex is "doing business" within New Jersey for venue purposes.

580 F.Supp. at 930.

■ Similarly, this court finds that defendants are not "doing business" in the forum state of New Jersey. Defendants simply mail catalogs to New Jersey, as they do to every other state, and receive orders from dentists in New Jersey. Accordingly, I find that venue does not properly exist in this forum. This matter, therefore, should be transferred to an appropriate forum, pursuant to 28 U.S.C. Section 1406(a).[3]

---

3. Plaintiff belatedly argues in its brief that venue is proper in this district because the claim "arose" in New Jersey. Plaintiff has not appropriately asserted § 1391(b) as the basis for venue, and the court need not address this contention at this time. The court notes, however, that this argument would not change the outcome in this case. The standard for determining where a claim arose under § 1391(b) is stated in *Leroy v. Great Western United Corp.,* 443 U.S. 173, 99 S.Ct. 2710, 61 L.Ed.2d 464 (1979). *Leroy,* while it indicates that a claim may arise in more than

one district for § 1391(b) purposes, cautions that venue is limited to "those two (or conceivably even more) districts that with approximately equal plausibility—in terms of the availability of witnesses, the accessibility of other relevant evidence, and the convenience of the defendant (but *not* of the plaintiff)—may be assigned as the basis of the claim." 443 U.S. at 185, 99 S.Ct. at 2717 (emphasis in original), *Bredburg v. Long,* 778 F.2d at 1289. For the reasons enumerated in this court's discussion of transfer pursuant to § 1406(a), the Eastern District of

Title 28 U.S.C. Section 1406 states in pertinent part:

> (a) The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

 The court, in its discretion, has the authority to transfer the action to any district in which the action could have been brought, upon determination that it would be in the interest of justice to do so. *Lowery v. Estelle,* 533 F.2d 265, 267 (5th Cir. 1976); *Anastasi Bros. Corp. v. St. Paul Fire & Marine Ins. Co.,* 519 F.Supp. 862 (E.D.Pa.1981). This case could have been brought in the Eastern District of New York, and this court finds that it is in the interests of justice to transfer it there. The parties all are New York corporations. Defendants' principal places of business are in Nassau County, Long Island, New York. The alleged acts giving rise to plaintiff's claims occurred in New York: telephone calls are made from Nassau County, all catalogs are mailed from Nassau County, and the products are shipped from Nassau County. Defendants are licensed to do business only in New York. Furthermore, plaintiff alleges that defendants deliberately and wilfully ignored notices of trademark infringement. Any notice would have been sent from plaintiff's New York office to defendants' New York offices. Witnesses and records pertaining to this claim would be in New York. Consumer inquiries regarding public confusion between plaintiff's and defendants' products would be received in New York. Defendants have more customers in New York than in any other state. The convenience of the parties and witnesses will better be served by transfer of this case to New York, and the evidence will be more accessible in New York.

For the reasons herein stated, defendants' motion to dismiss for improper venue is denied, and their motion to transfer is granted. An order accompanies this opinion. No costs.

---

New York is a forum far superior to New Jersey so far as accessibility of witnesses, evidence and convenience of defendants is concerned.