Gary W. SMITH

v.

INTEX RECREATION CORP.

Civ. A. No. 90–305–A.

United States District Court, M.D. Louisiana.

Feb. 1, 1991.

N. Elton Dry, Gregory Smith, Charles Garvey, Jr., Pravel, Gambrell, Hewitt, Kirk & Kimball, New Orleans, La., for plaintiff.

Robert C. Tucker, Roy, Kiesel, Aaron, Tucker & Zwick, Baton Rouge, La., for defendant.

## RULING ON MOTIONS

JOHN V. PARKER, Chief Judge.

This matter is before the court on motion of defendant Intex Recreation Corp. to dismiss this action for lack of subject matter jurisdiction and lack of personal jurisdiction, or in the alternative to transfer this matter to the Central District of California, and a motion to dismiss Count II of the complaint for failure to state a claim upon which relief can be granted. Timely opposition has been filed. Oral argument is not necessary. Subject matter jurisdiction is allegedly based upon diversity of citizenship.

Plaintiff alleges that in 1986 he invented and applied for a patent on a special sun bathing apparatus. Furthermore, plaintiff asserts that in December of 1986 he met with officials of defendant Intex and displayed the actual prototype and a photograph of the second prototype of his invention. Plaintiff alleges that at this meeting defendant stated that it "would take care of all phases of the product including manufacturing, sales, and distributing" and would pay plaintiff a reasonable royalty. However, plaintiff allegedly refused to sign an agreement with defendant "for submission of technical and business and unpatented ideas to Intex" because of the wording of the contract. Plaintiff allegedly asked defendant to allow him to review the contract with his attorney in New Orleans. Thereafter, plaintiff edited the document in Louisiana and returned it to Intex, in California, for its signature. In January of 1987, Intex signed the document and re-

turned it to plaintiff in Louisiana. Plaintiff then allegedly executed the document.

Later in January, 1987, Intex allegedly informed plaintiff that there was no market for plaintiff's product and that it was no longer interested in working with plaintiff. Subsequently, plaintiff allegedly became aware that Intex was marketing and selling plaintiff's product as defendant's own, under the name "SUN COOLER," and plaintiff initiated suit in this court alleging: 1) breach of the January, 1987 contract and 2) violation of Louisiana's Unfair Trade Practices and Consumer Protection Law.

As previously noted, in response to this suit defendant filed a multitude of motions. The court will deal with these motions one at a time.

**Motion to Dismiss for Lack of Subject Matter Jurisdiction**

■ Defendant alleges that plaintiff has not properly pled the principal place of business of defendant Intex and therefore the suit should be dismissed for lack of subject matter jurisdiction.

In plaintiff's amended complaint, plaintiff alleges that the amount in controversy exceeds $50,000 and that "on information and belief, defendant Intex Recreation Corp. (hereinafter "Intex") is a California Corporation having a business at 4130 Santa Fe Avenue, Long Beach California." Plaintiff is correct in stating that this allegation is insufficient in a diversity action. On this subject, Wright & Miller state:

> For diversity purposes, a corporation is a citizen of any state by which it has been incorporated and a citizen of the state in which it has its principal place of business. Hence, it is now necessary to plead both the state or states of incorporation and the state in which the corpora-

tion has its principal place of business in order to show that diversity jurisdiction exists ... When defendant is a corporation, Official Form 2(a) suggests that plaintiff ... need only aver that the corporation's principal place of business is in a state other than the state of plaintiff's citizenship. This form of allegation apparently is authorized because plaintiff may have difficulty in ascertaining where defendant has its principal place of business. In a situation in which it clearly is not a state that would destroy diversity jurisdiction, no purpose would be served in requiring plaintiff to undertake the investigation that would be necessary to enable him to make a precise allegation as to the corporation's center of gravity. Wright & Miller, Federal Practice & Procedure, Civil 2d § 1350.

Despite plaintiff's error, this court may grant plaintiff leave to amend the complaint and cure the defective jurisdictional allegations. Wright & Miller, Federal Practice & Procedure, Civil 2d § 1350. Accordingly, since the court ultimately concludes that it has personal jurisdiction over defendant, plaintiff is hereby granted leave of court to amend the complaint within ten (10) days to properly allege defendant's principal place of business. The affidavit of Jeff Kundrat submitted by defendant declares that defendant is a California corporation with its principal place of business in Long Beach.

**Motion to Dismiss for Lack of Personal Jurisdiction**

In support of this motion, defendant argues that it has no connection with Louisiana in any manner.[1] More specifically, defendant asserts that the contract serving as the predicate for this suit was executed in California and that all negotiations and preliminary dealings between the parties

---

1. Defendant alleges that "Intex has no corporate offices, employees, sales offices, sales agents or plants in Louisiana, and Intex owns no property and derives no income from assets in Louisiana. Intex is not licensed to do business and has no agent for process in Louisiana, and Intex pays no Louisiana corporate, franchise, or income taxes. It maintains no mailing address, no telephone number or listing, and no banking or savings accounts in Louisiana. Intex does not place any advertisements in any Louisiana-base media." Intex does not directly make sales contacts with businesses in Louisiana. It does, however, sell products in Louisiana through independent contractor sales representatives who are based in neighboring states.

Intex has a record of one shipment of the accused product SUN COOLER to Baton Rouge, Louisiana.

took place in California. Furthermore, defendant argues that it has not sold its product, known as "SUN COOLER," to anyone in Louisiana and that when sales contacts are made with businesses in Louisiana, it is done by Intex's independent contractor sales representatives located in Texas and Oklahoma.

In response, plaintiff states that defendant's "SUN COOLER" product has been and is present at numerous stores within Louisiana and that defendant has sold more than $280,000 worth of its products in Louisiana during 1989 and therefore is subject to both the general and specific jurisdiction of this court.

■ The Louisiana Long–Arm statute, La.Rev.Stat.Ann. § 13:3201, provides Louisiana courts with numerous specific instances where a defendant is amenable to suit in Louisiana,[2] as well as providing that "a court of this state may exercise personal jurisdiction over a non-resident on any basis consistent with the constitution of this state and the Constitution of the United States." In deciding whether jurisdiction is consistent with the Constitution, the Supreme Court has divided the inquiry into two parts. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985), *Interfirst Bank Clifton v. Fernandez,* 844 F.2d 279, 282 (5th Cir.1988).

The two relevant inquiries are: 1) whether the nonresident defendant purposefully established minimum contacts with the forum state; and 2) whether the exercise of

jurisdiction results in "fair play and substantial justice." *Asahi Metal Industry Co. v. Superior Court of California,* 480 U.S. 102, 107 S.Ct. 1026, 1029, 94 L.Ed.2d 92 (1987); and *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 476, 105 S.Ct. 2174, 2184, 85 L.Ed.2d 528 (1985).

"Minimum contacts must have a basis in some act by which the defendant purposefully availed itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 474, 105 S.Ct. 2174, 2183, 85 L.Ed.2d 528 (1985). "Jurisdiction is proper ... where the contacts proximately result from actions by the defendant himself that create a 'substantial connection' with the forum state." Id. In *Asahi Metal Industry v. Superior Court of California,* 480 U.S. 102, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987), the Supreme Court attempted to clear up the muddled waters of specific personal jurisdiction by explaining the circumstances in which defendant's placing of a product into the stream of commerce allows a court to exercise personal jurisdiction over that defendant:

The "substantial connection," between the defendant and the forum State necessary for a finding of minimum contacts must come about by an action of the defendant purposefully directed toward the forum state. *Burger King,* supra, 471 U.S. at 476, 105 S.Ct. at 2184; *Keeton v. Hustler Magazine, Inc.,* 465 U.S.

---

**2.** La.R.S. 13:3201 provides: A court may exercise personal jurisdiction over a nonresident, who acts directly or by an agent, as to a cause of action arising from any one of the following activities performed by the nonresident:

    (1) Transacting any business in this state.

    (2) Contracting to supply services or things in this state.

    (3) Causing injury or damage by an offense or quasi offense committed through an act or omission in this state.

    (4) Causing injury or damage in this state by an offense or quasi offense committed through an act or omission outside of this state if he regularly does or solicits business, or consumed or rendered services in this state.

    (5) Having an interest in using or possessing a real right on immovable property in this state.

    (6) Non-support of a child, parent, or spouse or a former spouse domiciled in this state to

whom an obligation of support is owed and with whom the nonresident formerly resided in this state.

    (7) Parentage and support of a child who was conceived by the nonresident while he resided or was in this state.

    (8) Manufacturing of a product or component thereof which caused damage or injury in this state, if at the time of placing the product into the stream of commerce, the manufacturer could have foreseen, realized, expected, or anticipated that the product may eventually be found in this state by reason of its nature and the manufacturer's marketing practices.

    B. In addition to the provisions of Subsection A, a court of this state may exercise personal jurisdiction over a nonresident on any basis consistent with the constitution of this state and of the constitution of the United States.

770, 774, 104 S.Ct. 1473, 1478, 79 L.Ed.2d 790 (1984). The placement of a product into the stream of commerce, without more, is not an act of the defendant purposefully directed toward the forum state. Additional conduct of the defendant may indicate an intent to serve the market in the forum State, for example, designing the product for the market in the forum State, advertising in the forum state, establishing channels for providing regular advice to customers in the forum state, or marketing the product through a distributor who has agreed to serve as a sales agent in the forum state. *Asahi*, 107 S.Ct. at 1032.

■ With that said, it is apparent that the mere placing of a product into the stream of commerce does not subject the defendant to suit wherever the product finally rests. However, in discussing what acts do confer specific jurisdiction on a particular court, the Supreme Court in *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472, 105 S.Ct. 2174, 2182, 85 L.Ed.2d 528 (1985) stated:

> Where a forum seeks to assert specific jurisdiction over an out-of-state defendant who has not consented to suit there, this fair warning requirement is satisfied if the defendant has "purposefully directed" his activities at residents of the forum, *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 774, 104 S.Ct. 1473, 1478, 79 L.Ed.2d 790 (1984), and the litigation results from alleged injuries that "arise out of or relate to" those activities. Id. quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414, 104 S.Ct. 1868, 1872, 80 L.Ed.2d 404 (1984).

Before moving on with an analysis of the preceding law in light of the facts involved in this case, the court must note that to meet a challenge to in personam jurisdiction prior to trial, "plaintiff need only make a prima facie showing of jurisdiction so that the allegations of the complaint are taken as true except as controverted by the defendant's affidavits and conflicts in the affidavits are resolved in plaintiff's favor." *Asarco, Inc. v. Glenara, LTD.*, 912 F.2d 784, 785 (5th Cir.1990), quoting *Travelers Indemnity Co. v. Calvert Fire Ins. Co.*, 798 F.2d 826, 831 (5th Cir.1986), modified on other grounds, 836 F.2d 850 (1988).

■ As stated in *Burger King*, supra, the first question for consideration is whether defendant "purposefully directed" the sale of its "SUN COOLER" product in Louisiana. On this point, defendant first argues that it simply contracted with K-Mart, Wal-Mart, and others to sell the product and therefore had no control over the final resting place of the product. This argument must be rejected. By contracting with K-Mart for the sale of the "SUN COOLER" product, it was foreseeable to defendant that the product would wind up in all K-Mart stores, including those in Louisiana. Accordingly, this amounts to purposefully directing a product and not the simple placing of a product in the stream of commerce.

Next, defendant argues that the "SUN COOLER" product was never sold in a Louisiana store. However, in response to this allegation plaintiff submitted his own affidavit alleging that since the spring of 1989, plaintiff has seen his product, distributed under defendant's "SUN COOLER" name, in the following Louisiana stores: a) Wal-Mart, Port Allen, Louisiana; b) Wal-Mart, O'Neal Lane, Baton Rouge, Louisiana; c) Wal-Mart, Cortana Mall, Baton Rouge, Louisiana; d) K-Mart, Florida Boulevard, Baton Rouge, Louisiana; e) K-Mart, Siegen Lane, Baton Rouge, Louisiana; f) Service Merchandise, Cortana Mall, Baton Rouge, Louisiana; g) Sports Unlimited, Inc., Sherwood Forest Boulevard, Baton Rouge, Louisiana; h) K-Mart, Thibodaux, Louisiana; i) Wal-Mart, Thibodaux, Louisiana; and j) K-Mart, Slidell, Louisiana.

As noted, allegations in plaintiff's affidavit must be taken as true for the purposes of this pretrial motion and therefore the court concludes that defendant's argument on this point must fail.

The second prong of the Burger King specific jurisdiction test requires that the litigation "arise from or relate to" defendant's purposeful direction of his activities

at the forum state. This issue poses a more difficult question.

Plaintiff's claim is based upon "breach of contract." Logically then, it does not follow that the litigation involved in this case "arises from" the placing of the "SUN COOLER" product in a Louisiana store. However, whether the breach of contract "relates to" the purposeful direction of the "SUN COOLER" product into Louisiana stores presents a different question. Accepting plaintiff's allegations as true, defendant would never have been able to distribute the product anywhere were it not for the alleged breach. More specifically, paragraph 2 of the contract at issue in this case provides that:

> Intex ... and Gary Smith ... hereby agree that if Intex is interested in manufacturing and/or marketing the idea, from Smith, that Intex shall not undertake any manufacturing and/or marketing of the idea until such time as Intex and Smith have entered into a written agreement regarding the rights and obligations of the parties in such manufacturing and/or marketing by Intex.

Based upon this language, the court concludes that defendant's marketing and distribution of the "SUN COOLER" product is "related to" plaintiff's claim. Therefore, because defendant purposefully directed its product into Louisiana by virtue of the distribution agreement with K-Mart, this court has specific jurisdiction to hear this matter.

Accordingly, defendant's motion to dismiss is hereby DENIED.

**Motion to Transfer to the Central District of California**

■ In support of this motion, defendant basically argues that because its office, files, employees and even law firm is located in California, this suit would be better suited for disposition in California.

In this district, it has been held that venue is proper under the "doing business" provisions of 28 U.S.C. § 1391(c), if there are sufficient contacts to assert personal jurisdiction in the district under the minimum contacts standard of *International Shoe* and its progeny. *Transload and Transport, Inc. v. Tennessee Valley Towing*, 609 F.Supp. 185, 186 (M.D.La.1985). Under this concept, the answer to the question of personal jurisdiction necessarily provides the answer to the question of venue. Therefore, since this court has concluded that it has jurisdiction over the defendant, and because the court does not see any exceptional circumstances mandating a change of venue for convenience, the defendant's motion to transfer this matter to the Central District of California is hereby DENIED.

**Motion to Dismiss Count II of the Complaint Under Rule 12(b)(6)**

■ In support of this motion, defendant argues that under Rule 9 of the Federal Rules of Civil Procedure, allegations dealing with fraud and other conditions of the mind, must be pled with particularity and that here plaintiff has failed to meet this burden.

In plaintiff's amended complaint, plaintiff alleges that:

> Defendant Intex, by offering for sale and selling the concept that was originally conceived by plaintiff, Smith, as its own original concept, has engaged in unfair methods of competition and unfair and deceptive acts or practices in the conduct of trade or commerce within the State of Louisiana, in violation of LSA-R.S. 51:1405.

LSA-R.S. 51:1405(A) provides that "unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." Louisiana courts interpreting this statute have concluded that "what constitutes unfair trade practice is left up to the courts," *Dufau v. Creole Engineering Inc.*, 465 So.2d 752 (La.App. 5th Cir.1985), and that "a trade practice is unfair when it offends public policy and when the practice is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers." *Gautreau v. Southern Milk Sales, Inc.*, 509 So.2d 495, 497 (La.App. 3rd Cir. 1987).

In this case, the court concludes that Count II of plaintiff's complaint is pleaded

with sufficient particularity to put defendant on notice of the claim against it and the facts which give rise to the claim. Accordingly, defendant's motion to dismiss Count II of plaintiff's complaint for failure to state a claim upon which relief can be granted is hereby DENIED.